**WO**                                                                                                                    KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Dale Howard, | No. CV 09-2296-PHX-MHM (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Mesa Police Department, et al., | |
| Defendants. | |

Plaintiff Steven Dale Howard, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the Complaint with leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $1.20. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**JDDL-K**

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

**III.    Complaint**

Plaintiff sues the Mesa Police Department and Special Felon Unit. Plaintiff raises two grounds for relief in the Complaint:

(1) Plaintiff's Fourth Amendment rights were violated when Mesa Police Officers wrongfully arrested him for unlawful failure to return a motor vehicle; and

(2) Plaintiff's Fourth Amendment rights were violated when the Special Unit went to Plaintiff's apartment complex and lied to the apartment management in order to arrest Plaintiff for unlawful failure to return a motor vehicle.

Plaintiff alleges that he was jailed for nine days and suffered mental anguish. Plaintiff seeks money damages.

**IV.    Failure to State a Claim**

**A.    Defendants**

A municipality may not be sued solely because an injury was inflicted by one of its employees or agents. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Rather, the municipality is liable only when the execution of its policy or custom inflicts the constitutional injury. Id.; Miranda v. City of Cornelius, 429 F.3d 858, 868 (9th Cir. 2005). Therefore, a § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless the plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).

Plaintiff does not allege that his injuries were the result of a policy or custom of the City of Mesa or the Mesa Police Department. Accordingly, the Plaintiff has failed to state a claim against Defendant Mesa Police Department.

Moreover, "Special Felon Unit" is not a properly named Defendant. The "Special Felon Unit" is simply a division of the Mesa Police Department and not a person amenable

to suit under § 1983. To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Plaintiff must identify specifically named individuals responsible for the violation of his constitutional rights; Plaintiff's conclusory allegations that a group of Defendants, such as the Special Felon Unit, violated his rights are unacceptable and fail to state a claim. The Court will therefore dismiss the Complaint with leave to amend.

### B. Heck v. Humphrey and Wallace v. Kato

A prisoner's claim for damages under § 1983 must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner demonstrates that the conviction or sentence has previously been reversed, expunged, or otherwise invalidated. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). However,

> [i]f a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

Wallace v. Kato, 549 U.S. 384, 393-94 (2007) (citations omitted).

Plaintiff provides no information about the criminal proceedings resulting from the arrest at issue in this case and the Court is therefore unable to determine whether Plaintiff's claims are barred by Heck. Accordingly, if Plaintiff chooses to file an amended complaint against proper defendants, Plaintiff must include information about the outcome of his arrest, specifically whether he was convicted of the charges, the charges were dismissed, or whether the criminal proceedings on the charges are still pending.

If Plaintiff was convicted of the charges at issue, his claims are barred by Heck and the Court will dismiss this action. If criminal proceedings against Plaintiff on the charges

1 at issue are still pending, or if the charges were ultimately dismissed, the Court will evaluate
2 the amended complaint to determine whether this case should proceed.

**V.     Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

In any amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. Rizzo, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegation against that Defendant will be dismissed for failure to state a claim. Further, Plaintiff must comply with any specific directions set out by the Court in its discussion of individual claims. Conclusory allegations that a Defendant or group of Defendants have violated a constitutional right are not acceptable, and will be dismissed.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as

nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**VI. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C. Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D. Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $1.20.

(3) The Complaint (Doc. #1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 16th day of December, 2009.

_____
Mary H. Murguia
United States District Judge